IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| DAVID STEVEN BRAUN, | CV 13-40-BU-SEH-CSO |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| vs. | |
| GOOGLE, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff David Braun has filed a Complaint against Defendant Google. The following motions are pending:

(1) Defendant Google's Motion to Dismiss *DKT 8*;

(2) Braun's Motion for Discovery *DKT 12*;

(3) Braun's Request for Emergency Award of Summary Judgment *DKT 21*.

Having considered the parties' arguments and submissions, the Court finds that Google's Motion to Dismiss is dispositive. Braun has failed to set forth an intelligible claim for relief. The Court will

1

therefore recommend that Google's Motion to Dismiss be granted, Braun's Motion for Summary Judgment be denied, and this matter be dismissed with prejudice.[1]

In light of this recommendation, Braun's Motion for Discovery will be denied as moot.

## II. <u>MOTION TO DISMISS</u>

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

This pleading standard "demands more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555). A

---

[1] By order dated July 9, 2013, Judge Haddon referred this case to the undersigned for pretrial purposes (*see* 28 U.S.C. § 636(b)(1)), including proposed findings and recommendations. *DKT 14.*

complaint that offers nothing more than naked assertions will not suffice. *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states "a claim to relief that is plausible on its face." *Id.* A complaint is subject to dismissal pursuant to Rule 12(b)(6) if it does not "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Here, no defendant could be expected to defend itself effectively from Braun's unintelligible complaint. His Complaint is digressive and his claims are not apparent. Braun's rambling statements in his Complaint regarding his Google e-mail account fail to set forth any cause of action. His speculations regarding Google somehow being responsible for him not receiving responses to e-mails are insufficient to support a claim.

The Court agrees with Defendant that no cognizable claim is evident from the allegations in the Complaint. None of Braun's statements identify or establish an entitlement to relief from Google.

Braun's allegations do not set forth a recognizable cause of action or claim for relief, and the Complaint should be dismissed.

In light of the recommendation to dismiss this case, IT IS ORDERED that Braun's Motion for Discovery (*DKT 12*) is DENIED.

Further, IT IS RECOMMENDED that:

1. Defendant's Motion to Dismiss (*DKT 8*) be GRANTED, Braun's Request for Emergency Award of Summary Judgment (*DKT 21*) be DENIED, and this matter be dismissed with prejudice.

2. The Clerk of Court should be directed to enter judgment in favor of Defendant.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date this Order is served upon the parties which is the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If any party files objections, they must itemize each finding or

recommendation to which objection is made and must identify the evidence in the record they rely on to contradict that finding or recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude the party from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of October, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge